173 So.2d 797

**ANONYMOUS**

**v.**

**ANONYMOUS.**

**7 Div. 642.**

Supreme Court of Alabama.

March 18, 1965.

Rehearing Denied April 22, 1965.

Merrill, Merrill, Vardaman & Williams, Anniston, for appellee.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellant.

LAWSON, Justice.

This case involves the custody of the young adopted son of the appellant, father, and appellee, mother. The boy is now between five and six years of age.

Suit was instituted by appellee against appellant on April 18, 1962, seeking, among other things, a divorce and custody of the minor child. An agreement of the parties was filed in the cause, which provided in part as follows:

"2. That the court shall be authorized in such proceeding to grant the custody of * * *, the minor child of the Parties hereto, to First Party [appellee], and grant to Second Party [appellant] the right to visit such child at reasonable times and in proper manner, and the further right to have said child visit him in his home at reasonable and proper times, from time to time."

The cause was submitted for final decree on answer and waiver of the respondent, the testimony of the complainant, and the agreement of the parties; whereupon, on April 20, 1962, a decree was rendered granting a divorce to complainant, appellee, and awarding to her the custody of the minor child, with the respondent, appellant, being given the right of visitation in accordance with the agreement of the parties.

Appellee married another man on January 19, 1963.

On September 24, 1963, the appellant, the respondent in the divorce proceeding, filed his petition to modify the custody provisions of the decree of April 20, 1962, which petition was subsequently amended. In his amended petition, the father prayed that he be awarded the care, custody and control of the minor child for the following reasons:

1. He is a fit and proper person to have the custody of the minor child and has a fit and proper home in which to rear him and can afford to give him a better environment and home life than the environment and home life which would be available to him under the custody of his mother.

2. That the mother is not a fit and proper person to have the care, custody and control of the minor child of the parties.

3. At the time of the filing of the petition he was aware of facts which were unknown to him at the time he entered into agreement with the mother concerning the custody of the child, which facts show that the mother is not a fit and proper person and that if these facts had been known to petitioner he would not have entered into the custody agreement.

4. The mother, appellee, has a bad reputation as to morals and the drinking of alcoholic beverages.

5. The minor child is left periodically by its mother, appellee, with her mother, who is not a fit person because of her excessive drinking of alcoholic beverages.

6. The appellee's second child, which was born on, to wit, the 5th day of September, 1963, was conceived prior to her marriage to her present husband.

7. Since the date of the divorce decree and prior to appellee's marriage to her present husband, she was in the company of married men under suspicious circumstances.

8. The mother is not mentally stable and has threatened to take her own life.

The appellee filed her answer to the petition for modification, wherein she denied its material allegations.

The cause came on for hearing before a circuit judge specially assigned to try the cause, at which hearing a considerable amount of testimony was taken ore tenus. Following the hearing, the trial court took the matter under advisement and on January 9, 1964, denied the relief prayed for in the petition for modification and dismissed it for want of proof. From that decree this appeal was prosecuted by the father.

When a proceeding is instituted to determine the custody of a child, the child at once, becomes a ward of the court. Department of Pensions and Security v. Oswalt, 275 Ala. 63, 152 So.2d 128.

In a proceeding of this kind, where the matter of custody has already been determined by a court of competent jurisdiction, with all interested parties before the

court, a change of custody may be accomplished only by modification of the prior decree. Messick v. Messick, 261 Ala. 142, 73 So.2d 547.

The former decree fixing custody of a minor is conclusive of the interests of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or unless pertinent facts existing, but not disclosed, at the time of the final decree are brought to light. Messick v. Messick, supra.

A prior decree of custody is attended by all reasonable presumptions, and the burden of showing such changed conditions or other substantial reason for its modification rests upon the party seeking a change of custody. Sparks v. McGraw, 270 Ala. 159, 117 So.2d 372.

The question of rightful custody of the child is never res judicata. Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393.

But a prior decree is not subject to be challenged by the mere desire or changed attitude of one of the contesting parents. Messick v. Messick, supra.

An agreement by a parent for the custody of a child cannot bind a court of equity. Horton v. Gilmer, supra.

The foregoing principles, all firmly established by this court, are some of those which the trial court applied in arriving at his decision in this case.

There are other principles equally as well established which govern our review of this type case.

Where evidence in a child custody case was heard orally before the trial court, as it was in this case, the trial court's findings as to the facts will not be disturbed on appeal unless plainly erroneous or palpably and manifestly wrong. Long v. O'Mary, 270 Ala. 99, 116 So.2d 563; Wilkes v. Wilkes, 270 Ala. 341, 118 So.2d 906.

It is not necessarily a question as to what view this court might have of the evidence; if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm it. Wilkes v. Wilkes, supra.

However, when we are convinced that the trial court has erred in the application of sound principles of law to the facts as found, we must so hold and reverse the decree. Payne v. Payne, 218 Ala. 330, 118 So. 575; Chandler v. Whatley, 238 Ala. 206, 189 So. 751.

There was no effort on the part of the trial court to confine the testimony offered by appellant to matters, facts and circumstances which arose subsequent to the decree of April 20, 1962, wherein custody of the minor child was awarded to appellee. The evidence was permitted to take a wide range and depicts in somewhat detail the lives of appellant and appellee since they met in college in 1951. The lives of their parents, particularly those of appellee's parents, were laid bare and the social life and conduct of appellee was described in considerable detail.

However, we gather from the decree that the trial court entertained the view that none of the evidence which related to conduct prior to the original custody decree, which was known by appellant at that time, could be considered in the determination of the question as to whether there should be a decree of modification. Perhaps the court's view was based on his construction of the words which we italicize in the following quotation from Messick v. Messick, supra:

" * * * It has been generally held, and consistently by this court, that the former decree fixing custody of a minor is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change, or

unless pertinent facts existing, *but not disclosed*, at the time of the final decree are brought to light. (Authorities cited)" (261 Ala. 144, 73 So.2d 549.)

 The italicized words have reference to facts disclosed to the court and upon which it acted in decreeing custody originally. Those facts cannot be rehashed in a subsequent proceeding for modification. "Courts disfavor oft-repeated, harassing litigation over the custody of infants." Greene v. Greene, 249 Ala. 155, 30 So.2d 444. But facts which were known but not disclosed to the trial court in the original proceeding may be considered in a proceeding for modification, for neither the silence of the parties to the original proceeding nor any agreement entered into by them can prevent a court from looking after the interests of its ward. In Sparkman v. Sparkman, 217 Ala. 41, 43, 114 So. 580, 581, we said:

"We are not inclined, however, to limit the inquiry in subsequent proceedings solely to changed conditions of the parties. It must be borne in mind that, in contests between parents or other persons seeking custody, the court is the representative, the guardian or next friend, of the child. He may seek the truth from whatever source, and is not limited to such testimony, partisan it may be, as the parties may produce.

"If pertinent facts existing at the time of the former decree have come to light, whether the parties may have been diligent or not, the court, with the interest of the infant as the guiding star, should hear and consider them. Former decrees, with the presumptions . that properly attend them, thus become an aid, and not a binding adjudication, in such proceedings as we have before us."

See Perez v. Hester, 272 Ala. 564, 133 So. 2d 199.

 As we have indicated, the custody provisions of the decree of April 20, 1962, were based on the agreement of the parties. The appellant apparently offered no testimony and submitted on answer and waiver. Under such circumstances the testimony as it relates to matters, facts and circumstances which occurred prior to the original decree, whether known by the appellant or not, will be considered by us in arriving at our conclusion.

 We will not undertake in this opinion to discuss in detail the evidence contained in this voluminous record. It would serve no useful purpose to the parties, their families or to the profession. But the record has been carefully read and studied and we are constrained to the conclusion that under the evidence presented, including that relating to appellee's association with her present husband prior to her divorce from appellant, which the trial court apparently did not think should be considered, it would be to the best interest of the minor child here involved to award its custody to the father.

The evidence as it bears on appellee's relationship with her present husband prior to her divorce from appellant is not sufficient to support a finding that she committed adultery with him. But that conduct was certainly not to the best interest of her young adopted son and it was such as to create suspicion in the mind of appellant and to cause him to question her loyalty to him and their son. It may well have been the reason for the events which led up to conduct on the part of appellant which appellee used as a ground for divorce from appellant. Tendencies of the evidence are to the effect that appellee began to correspond with her present husband after the separation and before the divorce. Appellee concedes that in November and December of 1962, following her divorce from appellant in April of that year, she had premarital sexual relations with her present husband. As a result appellee became

pregnant. She married her present husband on January 19, 1963, and the child was born on September 5, 1963.

 In support of his conclusion that this conduct was not sufficient to justify a change of custody, the trial court cited Whitten v. Whitten, 214 Ala. 653, 108 So. 751, and Edwards v. Sessions, 254 Ala. 522, 48 So.2d 771. Those cases are authority for the proposition that an act of immorality on the part of the mother is not necessarily determinative of her right to the custody of her children and in those cases the custody of the child or children was left with the mothers. While we reaffirm the principle that an act of immorality on the part of the mother should not in and of itself deprive her of custody, such an act must be taken into consideration with all the other facts and circumstances present in the particular case to determine whether the child would be better off with its father, if he is shown to be of good character and able to care for the child. In the Whitten case, supra, the father, who was contesting with the mother for the custody of the child, was shown to have been guilty of immoral acts; and in the Edwards case, supra, the other party to the litigation was not the father, but an outsider with whom the child had been left.

We do not base our decision that the decree of custody should be modified or changed only on the testimony as it relates to appellee's relationship with her present husband. But it has played a part in our decision.

Appellant is shown to be a fine young man, who enjoys a splendid reputation in the community where he lives. The evidence also shows that his parents, with whom he now lives and in whose home he and his son will live, are highly regarded in the community. They are among the most highly respected citizens of the community and, like appellant, love the young boy who is the unfortunate subject of this litigation. Their home is commodious.

They have servants. Appellant's father is a successful businessman with considerable holdings. Appellant earns a good living working for or with his father. True, appellant is a victim of paralysis, contracted while a student in a preparatory school. He is confined to a wheel chair. But the evidence shows, and it seems to be admitted by appellee, that he is able to administer to the needs of the child. Appellant drives an automobile and seems to be able to perform his work without difficulty. Appellant and the child, living in the home of the former's parents, will have their attention and care. Appellant's parents are slightly over sixty years of age. Because of his physical disabilities appellant can father no children even if he should remarry. His foster son will have his undivided love and attention, as well as be the only recipient of his material resources.

Appellee and her present husband have another child or children. While appellee's husband has a good job, his earnings at this time are not too large and until he receives a promotion, it seems to us that he would be hard pressed to adequately care for his wife, the child in question, and his own child or children. Appellee's parents are shown to be socially prominent in the community where they live, but the record does not indicate that they contribute financial support to appellee and her family or that they are in a position to do so.

The evidence shows that appellee's husband is fond of her foster son and solicitous of his welfare. But he has a child or children which he has fathered and it seems to us that this adopted child would be better off in the care and custody of his foster father who, as we have indicated above, can give him his undivided love and attention, whereas appellee and her present husband must of necessity share their love, as well as their limited means, with their own child or children.

 In comparing the financial situation of appellant and appellee, we have not

overlooked the principle that the financial standing of the parents is not the controlling question in a case of this kind. But it is a circumstance to be considered.

Custody cases present for trial courts and for appellate courts grave and difficult questions for decision. No court can ever know with certainty that the action which it takes relative to the custodial disposition of a young child is correct. We can only make that disposition after a careful and prayerful consideration of the evidence presented. We have so considered the record before us and have come to the conclusion that the decree should be reversed.

We are fully mindful that conclusions of the trial judge, earnestly arrived at after hearing and seeing those involved, is to be given due weight. Sometimes he is said to have a discretion. If a discretion, in the ordinary sense, it is a judicial, reasonable discretion. It is a judicial finding upon a most delicate far-reaching issue.

But we cannot and should not evade responsibility, letting it rest with the trial court. When convinced that he has erred, not so much in his finding of facts as in the application of sound principles of law in such cases, we must so hold. The foregoing is the language of Chandler v. Whatley, supra.

The decree of the court below is reversed and the cause is remanded with directions to enter a decree modifying the original decree so as to award the custody of the minor child to appellant, with the appellee being given such rights of visitation as the trial court deems wise. Of course, the trial court will have the right to make further modifications as changed circumstances may dictate.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.