301 So.2d 237

**Billy Joe ROBERSON**

v.

**STATE.**

**6 Div. 600.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Ralph C. Burroughs, Public Defender, Joel L. Sogol, Asst. Public Defender, Tuscaloosa County, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Larry R. Newman, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Murder, second degree: sentence, twenty years. Manslaughter, first degree: sentence, five years. Consolidated trial.

The only claim of error argued by the appellant is premised on a claimed failure to posit the *Miranda* warnings. The defendant's inculpatory statement was not used by the State in its case in chief. Instead it was used only to rebut the defendant's own testimony.

While we do not find that the *Miranda* warning was defective, yet we concede there are equivocal tendencies. The officer testified in part:

"I don't recall; I don't believe I did. I probably did. Told him [then appears the legend from the card] * * *."

Whatever way we might construe this seeming contradiction, Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 and Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 demonstrate that *Miranda* does not control all the peripheral uses of confessions.

Our two Alabama appellate courts never applied Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, beyond its own immediate factual setting. Hence, here we see no reason to apply the exclusionary rule where the State seeks to impeach a defendant who testifies in his own behalf. The defendant's privilege to testify is not a license to commit perjury.

We have carefully reviewed the entire record under Code 1940, T. 15, § 389, and consider that the judgment below should be

Affirmed.

All the Judges concur.