This is a child custody case.
On June 26, 1980 the parties to this suit, Virginia H. Wilson, appellee, and Frank M. Wilson, appellant, obtained a divorce from the Morgan County Circuit Court. The divorce decree provided for a division of property between the parties, and granted permanent care, custody and control of the parties' three minor children to the mother. The father was required to pay the sum of $270.00 every other week as child support, and was granted visitation privileges.
On November 4, 1980 the father filed a motion to modify the prior divorce decree, alleging that the parties' fifteen year old daughter, Cynthia, had changed her residence to the residence of the father of her own volition. The petition requested the court to allow for Cynthia's permanent change of residence, and to transfer custody of the two minor sons from the mother to the father. The court entered a judgment on the motion, effective April 21, 1981, denying the father's petition for modification on the ground that there was no material change in circumstances to justify such a modification, and finding the father in contempt for failure to pay child support and for harassing and threatening the mother. The decree also awarded the mother's attorney a fee of $1,000.00.
The father filed a notice of appeal on April 21, 1981, and at the same time filed an application to fix a supersedeas bond. The bond was fixed in the amount of $7,500.00. On that same date the judge withdrew the decree fixing the bond, and entered a substitute decree, finding that:
 [T]he judgment with reference to the custody, visitation and support of children is not subject to being superseded pending appeal. [Citation omitted.] The Court is also of the opinion that the provisions of the judgment relative to the personal belongings of the child, Cynthia Lynn Wilson, communications between the parties, and award of attorney's fees are so closely *Page 116 
interwoven with child custody, child support, and the best interest of the children, that there is no authority for superseding those portions of said judgment.
A supersedeas bond was allowed for that portion of the decree concerning the division of household furnishings. The father thereafter filed an application for a stay of judgment, which was also denied. The father appeals.
The appeal raises three issues to be decided by this court: (1) whether the trial court erred in refusing to admit evidence of the wife's pre-divorce misconduct; (2) whether the trial court's decree is contrary to the best interests of the children; and (3) whether the trial court erred in holding that an award of attorney's fees could not be superseded on appeal.
Appellant's first contention is that the trial court erred in refusing to hear evidence concerning the wife's predivorce misconduct. Appellant sought unsuccessfully to introduce testimony at trial of the mother's immoral conduct prior to the divorce as a ground on which to justify modification of the custody decree. Although facts disclosed to the court and considered by it in fashioning the original custody decree cannot be "rehashed" in a subsequent modification proceeding, facts existing at the time of the original divorce decree but not disclosed at that time may be considered by the court in a subsequent modification proceeding, even though these facts do not relate to a change of circumstances subsequent to the original divorce decree. Anonymous v. Anonymous, 277 Ala. 634,173 So.2d 797 (1965); Roberson v. Roberson, 370 So.2d 1008
(Ala.Civ.App. 1979).
The provisions of the original divorce decree were, in the present case, based upon the stipulations and agreement of the parties. Apparently, no testimony concerning the child custody issue was offered. Under such circumstances, facts relating to the parties' pre-divorce conduct should be considered by the trial court in a modification proceeding. See Anonymous v.Anonymous, supra. The trial court's refusal to admit any evidence concerning the parties' prior conduct is clearly error. Accordingly, the trial court's decree must be reversed.
Appellant next says that the trial court's decree is contrary to the best interests of the children. In light of our decision on the first issue, we pretermit discussion of this contention, pending resolution of the above issue on remand.
The third allegation of error concerns the trial court's denial of appellant's application for a supersedeas bond pending resolution of the case on appeal. Appellant contends that the trial court erred in refusing to grant the application with regard to the award of attorney's fees. We agree that the trial court erred in refusing to permit appellant to post a supersedeas bond on the ground that an attorney's fee award cannot be superseded. It is clear that an award of attorney's fees falls within that category of judgments which can be superseded on appeal. Hughes v. Hughes, 362 So.2d 910
(Ala.Civ.App. 1978). Thus, the trial court's order refusing the supersedeas bond request because the court was without authority to supersede an attorney's fee award is erroneous. We must point out, however, that appellant has failed to follow the proper procedure for review of the denial of his application. When the trial court has denied an application for a supersedeas bond, the next step is for the moving party to file a motion for such relief with the appellate court in which the appeal is pending. Field v. Field, 382 So.2d 1132
(Ala.Civ.App. 1980); Rule 8 (b), A.R.A.P. No application for a supersedeas bond was filed in this court.
The trial court's judgment is reversed for the refusal of the court to admit certain evidence, and the cause is remanded for a new trial.
Appellee's motion for the award of an attorney's fee on appeal is denied.
REVERSED AND REMANDED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result. *Page 117