TYSON, Judge.
Sharon Dianne Bundrum Watts was indicted for murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found the appellant guilty of the lesser included offense of manslaughter and the trial judge sentenced her to ten years’ imprisonment in the penitentiary.
We pretermit a discussion of the facts since they are not germane to the sole issue raised by the appellant on appeal.
I
The appellant, on cross-examination, was asked if she made a statement to police officers several hours after this alleged offense occurred. She testified that she did make a statement to the officers but claimed it was involuntary because the officers would not allow her to contact her attorney even after she requested to do so.
At this point, defense counsel objected to any further testimony concerning the statement because there was no evidence that the statement was voluntary. No further *505 reference was made as to this statement while the appellant was on the stand.
However, on rebuttal, the State tried to impeach the appellant’s testimony at trial by questioning one of the police officers who was present when the appellant made the statement about the substance of the appellant’s statement. Defense counsel objected on the ground that the State was trying to impeach the appellant’s testimony without first asking her about the substance of the statement. Defense counsel argued that the State had not laid the proper predicate by confronting the appellant with her statement and giving her the opportunity to deny or explain her statement.
It is the general rule that a witness must be first confronted with an inconsistent statement and deny making it before that witness can be impeached by another witness as to the substance of that statement. However, the United States Supreme Court, as well as this court, has held that, even though a statement may not be used in the prosecution’s case-in-chief because it is in violation of the exclusionary rule, the statement may be used to impeach an accused’s trial testimony during cross-examination or on rebuttal. Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); Wilson v. State, 56 Ala.App. 13, 318 So.2d 753 (1975); Roberson v. State, 53 Ala.App. 472, 301 So.2d 237 (1974); Gamble, McElroy’s Alabama Evidence, § 201.10 (3d ed. 1977).
"... [T]he shield provided by Miranda is not to be perverted to a license to testify inconsistently, or even perjuriously, free from the risk of confrontation with prior inconsistent utterances.” Wilson, supra, at 759.
The above rule of law applies in this case. Even though the State was unable to go into the substance of the statement during the cross-examination of the appellant, the trial judge properly allowed it to be used for impeachment purposes.
Therefore, this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs specially, with opinion.