The only issue raised on our review by certiorari is whether the Court of Criminal Appeals was correct in holding that the defendant, Sharon Watts, could be impeached by a prior inconsistent statement even though she had not been confronted with the statement prior to being impeached.
During the cross examination of Watts, the State began to question her about a statement she had allegedly made on the night of the shooting. Before the substance of the statement was brought out, Watts objected on the grounds that the statement was involuntary, and the state abandoned that line of questioning. In rebuttal the State put Sergeant Denise Rucker on the stand and attempted, through Sergeant Rucker, to introduce the statement made by Watts, for the purpose of impeaching Watts. Watts's trial testimony was to the effect that the victim and her husband had provoked her. The State wanted to show that in her statement on the night of the shooting she did not mention that she had been provoked.
The Court of Criminal Appeals noted that as a general rule "a witness must be first confronted with an inconsistent statement and deny making it before that witness can be impeached by another witness as to the substance of that statement." Wattsv. State, 471 So.2d 504 (Ala.Crim.App. 1984); Walker v. State,369 So.2d 814 (Ala.Crim.App. 1978); C. Gamble, McElroy'sAlabama Evidence, § 157.01 (1) (3d ed. 1977). The Court of Criminal Appeals also correctly notes that a statement, not admissible in the prosecution's case-in-chief to prove the crime charged because it was obtained in violation of Mirandav. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), can nevertheless be used to impeach the accused's trial testimony. Watts, supra; Oregon v. Hass, 420 U.S. 714,95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); Ex parte Walker, 369 So.2d 825
(Ala. 1979). It can be so used only if the state affirmatively shows the statement to have been voluntary.[1] Ex parte Walker, supra. However, these cases do not expressly address, much less change, the longstanding rule requiring prior confrontation.
The reason for the prior confrontation rule is stated as follows:
 "The basic reason for the requirement that the predicate question specify time, *Page 507 
place, content of the supposed statement, and the person to whom made, is to enable the faculties of the mind of the witness to be put in motion and his memory aided by the train of ideas which such circumstances would be likely to suggest with reference to the subject matter under inquiry and thereby be aided in recalling to memory whether he made the statement; and, if he recalls making it, to give his explanation of the apparent conflict between his testimony and such prior statement."
C. Gamble, McElroy's Alabama Evidence, § 157.01 (2) (3d ed. 1977). We see no reason to depart from the rule in this case. Impeachment is used to attack the credibility of the witness. Fairness requires that the witness whose credibility is being attacked be given an opportunity to explain the seeming inconsistencies. The judgment of the Court of Criminal Appeals is reversed and the case remanded to that court for a decision not inconsistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] Prior to allowing Sergeant Rucker's testimony, the trial court required a voir dire examination, with the jury absent, to establish the voluntariness of the statement.