The husband and wife were divorced in October 1980. The divorce decree incorporated an agreement of the parties in which custody of the two minor children was awarded to the mother. Subsequently, in July 1983, the father filed a petition to modify the divorce decree, asking the court to grant custody of the children to him. This petition was granted on October 4, 1983. The parties have both remarried. In 1987, approximately four years later, the mother filed a petition to modify, asking the trial court to award custody to her on the grounds that there had been a material change in circumstances since the 1983 modification. The trial court, after an ore tenus trial, denied the mother's petition for modification. The mother appeals from this decision.
Three issues are presented for our review: (1) whether the trial court committed reversible error when it applied incorrect rules of law to the facts; (2) whether the trial court erred when it refused to allow testimony concerning the reasons for the parties' divorce in 1980; and (3) whether the trial court erred when it denied the wife's petition for modification of custody.
The record reveals that the 1983 modification occurred during an unsettled period in the mother's life. Since the modification decree, she has remarried and resides with her present husband and child from this marriage in California. The record further reveals that she and her husband are financially able and willing to support all three children and are capable of providing a stable and wholesome environment. Such evidence, however, by itself will not justify a modification of custody. Hughston v. Ivey, 479 So.2d 1277
(Ala.Civ.App. 1985).
The trial court denied the mother's petition for modification on the basis that she failed to "establish a deterioration in the custodial environment which 'demonstrate[s]' that custody should be disturbed to promote the child's best interests." The mother contends that the trial court incorrectly applied the law when it required her to establish a "deterioration in the custodial environment." We agree. The burden of showing a change in circumstances which adversely affects the welfare of the child was specifically rejected by our supreme court in Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). Harmless error, however, results where, as in the present case, the trial court achieves the correct result for the wrong reason. Wagnon v. Boggs,460 So.2d 183 (Ala.Civ.App. 1984).
A parent seeking custody must show a change in circumstances since the last decree and prove that a change in *Page 295 
custody will materially promote the child's best interest. A parent must also show that the benefits of the proposed change in custody outweigh the disruptive effect of a transfer of custody. Ex parte McLendon, supra; Wiseman v. Wiseman,497 So.2d 177 (Ala.Civ.App. 1986).
The mother testified that the children were having psychological problems as a result of being separated from her. She relied primarily upon the deposition of Dr. Luban, a psychiatrist, to support her testimony. Dr. Luban recommended, after interviewing and evaluating the children on two separate occasions, that custody of the children be given to the mother. He determined that the nine-year-old was suffering from attention deficit disorder and that the eight-year-old was suffering from major depression. This evidence, however, was sharply contradicted by the psychologist employed by the father after the mother filed her petition and by the testimony of the children's teachers and neighbors in Eufaula, Alabama. Such testimony indicated that the children excelled academically, interacted well with their peers, and were engaged in various extracurricular activities.
A conflict of this nature presents an issue of fact that must be resolved by the trial court. Beene v. Hester,471 So.2d 422 (Ala.Civ.App. 1985). Although the trial court applied the wrong standard of proof when it resolved this conflict, we believe, after examining the record, that it reached the correct result. The evidence presented by the mother does not satisfy the burden imposed by McLendon. She has failed to prove that a change in custody would materially promote her children's welfare above and beyond the disruptive effect it would cause.
We further note that the children have expressed a desire to live with their mother rather than with their father. However, the preferences of children regarding their custody are not binding on the trial court. The trial court's primary consideration in a child custody case should be the best interest and welfare of the children involved. Rogers v.Rogers, 345 So.2d 1368 (Ala.Civ.App. 1977).
The wife also contends that the trial court erred when it refused to allow the introduction of evidence pertaining to events occurring prior to the 1983 modification. Specifically, the mother contends that undisclosed facts existing at the time of the original divorce decree should have been considered by the trial court at the modification proceeding.Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797 (1965);Wilson v. Wilson, 408 So.2d 114 (Ala.Civ.App. 1981). We conclude, after careful consideration, that the above cited authority is not applicable to the facts of this case. The mother here is attempting to modify a 1983 custody decree which altered the custody arrangements provided in the parties' 1980 divorce decree. As indicated previously, the custody provisions of the original decree were based upon an agreement between the parties. Later, in 1983, the father filed a petition to modify, which the mother contested. After a hearing on this issue, custody was transferred from the mother to the father. Under these circumstances, we feel that Brown v. Brown, 477 So.2d 454
(Ala.Civ.App. 1985), is controlling. In Brown, this court held that testimony should be allowed that relates back to the last decree that either awarded or modified custody. From this we conclude that the trial court did not err when it restricted evidence primarily to those events occurring after the 1983 modification.
Finally, the mother contends that the trial court erred when it denied her petition for modification of custody. This contention is without merit. We note that a presumption of correctness attaches to a trial court's findings where, as in the present case, evidence was presented orally before the court. This presumption can only be rebutted by evidence that the trial court's decision was unsupported by the evidence or was plainly and palpably wrong. Curl v. Curl, 526 So.2d 26
(Ala.Civ.App. 1988).
After reviewing the record, we find that both parents are capable of providing a *Page 296 
proper environment for the two children. However, the mother has failed to show by material evidence as required byMcLendon that removing custody from the father to the mother would materially promote the welfare and best interest of the children. Therefore, we cannot say that the trial court's refusal to grant the mother's petition for modification was plainly and palpably wrong. For the foregoing reasons, the judgment rendered below must be affirmed.
The mother's request for an attorney's fee on appeal is denied.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.