Patricia Gober appeals from a judgment based on a jury verdict for Dr. Omar H. Khalaf on Gober's claims of assault, battery, and medical negligence. The issues in this case involve the admission or exclusion of evidence at trial.
A trial court has wide discretion to determine whether evidence is relevant, material, or remote and has wide discretion to exclude or to admit evidence, even if that evidence is of minor probative value, so long as that evidence sheds light on, but does not withdraw from, the main inquiry. See AmSouth Bank, N.A. v. Spigener, 505 So.2d 1030
(Ala. 1986); Ryan v. Acuff, 435 So.2d 1244 (Ala. 1983). However, when evidence would serve little purpose except to arouse the passion or the sympathy of the jury, the trial court may exclude that evidence and may, within its discretion, exclude such other evidence as it deems unduly prejudicial.Valley Mining Corp. v. Metro Bank, 383 So.2d 158 (Ala. 1980).
Gober maintains that the testimony of J.R., a former patient of Dr. Khalaf, regarding another alleged incident was admissible to impeach Dr. Khalaf's testimony that he had never sexually assaulted a patient.
The only testimony elicited from Dr. Khalaf on this subject and the only reference provided by Gober with respect to the testimony to be impeached was that Dr. Khalaf had "never done a sexual assault on one of [his] patients."
Character evidence generally is inadmissible to prove that a party acted in conformity on a particular occasion; such evidence has little probative value and cannot be used as a basis for concluding that the party acted in keeping with a particular good or bad character on the occasion in question, see, e.g., C. Gamble, McElroy's Alabama Evidence § 34.01 (4th ed. 1991); and the general rule is that a witness may not be impeached on a collateral matter. See C. Gamble, McElroy'sAlabama Evidence, § 156.01(1) (4th ed. 1991); 3A Wigmore onEvidence § 1003 (Chadbourn rev. 1970). A fact is collateral if it is "admissible neither upon an issue under the pleadings of the case nor for the purpose of impeaching the witness' credibility in some means other than inconsistency." McElroy'sAlabama Evidence, § 156.01(3). The fact on which the error is predicated is collateral if it could not have been shown in evidence for any purpose independent of the contradiction. See,Wigmore § 1003. It appears from the record that the testimony of J.R. — that Dr. Khalaf touched her in a sexually inappropriate manner — was not admissible upon an issue under the pleadings nor for the purpose of impeaching Dr. Khalaf's credibility in some means other than inconsistency; it was not admissible for any purpose independent of the contradiction.
Furthermore, even if J.R.'s testimony were determined to be admissible, Gober failed to lay the proper predicate for its admission to impeach Dr. Khalaf — she failed to inquire of Dr. Khalaf whether he committed the alleged inconsistent act and she failed to specify when the alleged act was committed and the person with whom the alleged act was committed, so as to allow Dr. Khalaf the opportunity to admit or deny the alleged charge or to give an explanation for the inconsistency. See, e.g., White Consolidated Industries, Inc. v. American LibertyIns. Co., 617 So.2d 657 (Ala. 1993) (quoting Trussell v. State,585 S.W.2d 736, 738 (Tex.Crim.App. 1979); McElroy's AlabamaEvidence, § 157.01(1)-(4) (4th ed. 1991); Ex parte Watts,471 So.2d 505 (Ala. 1985).
We note that Gober argues that J.R.'s testimony was admissible to prove on the part of Dr. Khalaf a pattern or practice of intentional wrongful conduct, so as to enable her to recover an amount of punitive damages in excess of the $250,000 cap. The cap was eliminated in Henderson v. AlabamaPower Co., 627 So.2d 878 (Ala. 1993); therefore, *Page 418 
we pretermit any further discussion on this issue.
Gober also maintains that the evidence of "unrelated events" in her life was inadmissible, because, she argues, 1) specific evidence of impropriety is inadmissible in an action for assault unless consent is an issue; 2) she opened no door that would justify the introduction of such evidence; and 3) the prejudicial effect its admission had on the jury far outweighed any probative value.
Gober filed a motion in limine to exclude evidence of other events in her life. The trial court instructed the parties not to delve into specific acts in opening statements, but reserved a ruling on the admissibility of the evidence on the issue of damages or in case Gober put the events in issue. When Gober testified initially, the trial court precluded Dr. Khalaf from cross-examining her about these events in her life, subject to the right to prove these events if they became admissible because of medical testimony as to causes of her alleged mental anguish and distress. Subsequently, Gober offered the testimony of her medical expert concerning what he termed "stressors" in day-to-day life and "life events" that lead to depression.
Dr. Khalaf maintains that because Gober alleged that she suffered emotional distress, depression, nightmares, and loss of sleep as a result of Dr. Khalaf's actions, proof that her injury or the harm she allegedly suffered was caused by something other than the incident that forms the basis of this action was admissible.
In this case, clearly, the evidence of these other "events" in Gober's life was relevant and admissible to help the jury determine whether her depression and mental distress were caused by something other than Dr. Khalaf's alleged sexual assault. See Eason v. Comfort, 561 So.2d 1068 (Ala. 1990); see, also, e.g., Singer Sewing Machine Co. v. Methvin, 184 Ala. 554,63 So. 997 (1913); Birmingham R.R. Electric Co. v. Ellard,135 Ala. 433, 33 So. 276 (1903). Furthermore, nothing in the record supports Gober's contention that the prejudicial effect of the introduction of these events out-weighed any possible probative value.
Based on the foregoing, we conclude that the trial court did not abuse its discretion in excluding the testimony of J.R. or in admitting the testimony of other events in Gober's life.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.