673 So.2d 453 (1996)
Terri T. (Hogan) TAYLOR
v.
Huey E. HOGAN.
2940691.
Court of Civil Appeals of Alabama.
January 5, 1996.
*454 Terry L. Dempsey, Russellville, for Appellant.
Curt M. Johnson of Johnson, Caldwell & McCoy, Lanett, for Appellee.
THIGPEN, Judge.
This is a post-divorce modification case.
The parties were divorced in 1992. The court incorporated into the divorce judgment an agreement whereby the mother was granted custody of their children. In 1994, the father petitioned to modify the custody provisions of the divorce judgment. Following ore tenus proceedings, the trial court modified the judgment and granted custody to the father. The mother filed a post-judgment motion seeking to introduce additional evidence; specifically, she requested that the trial court allow her to pursue a line of questioning regarding the father's predivorce psychological treatment. The trial court granted the mother's request for a hearing to receive evidence regarding the "psychological treatment of the [father prior to the divorce]..., but not disclosed to the Court" at the time of the original divorce.
At the hearing on the mother's post-judgment motion, the trial court attempted to limit the evidence to the mother's post-judgment motion request regarding a "line of questioning as to the psychological treatment of the [father]." When the mother attempted to introduce additional evidence regarding the predivorce conduct of other children in the father's care, initially, the trial court overruled the father's objection. In further testimony, the mother alleged that the evidence she wanted to introduce did not involve any of the children that are the subjects of this action. The trial court then sustained the father's second objection regarding that line of questioning. Ultimately, the trial court denied the mother's post-judgment motion; hence, this appeal.
The mother argues that the trial court erred in refusing to admit evidence regarding events occurring before the divorce. She contends that, because the custody judgment was based upon an agreement of the parties, the trial court erred in excluding evidence of predivorce events.
*455 Generally, in a custody modification proceeding, one is limited to presenting evidence that relates back only to the last custody judgment. See Woodham v. Woodham, 539 So.2d 293 (Ala.Civ.App.1988). In a subsequent modification proceeding relating to a custody judgment that is based upon an agreement of the parties, however, one may introduce evidence regarding predivorce events if that party did not have the opportunity to do so during the original divorce proceeding. T.G.S. v. D.L.S., 608 So.2d 743 (Ala.Civ.App.1992). In certain circumstances, "facts existing at the time of the original divorce decree but not disclosed at that time may be considered by the court in a subsequent modification proceeding, even though these facts do not relate to a change of circumstances subsequent to the original divorce decree." Wilson v. Wilson, 408 So.2d 114, 116 (Ala.Civ.App.1981), cert. denied (Ala.1982) (emphasis added).
The record discloses that the trial court granted the mother's specific request to hear testimony regarding the father's predivorce psychological treatment. At the hearing on her post-judgment motion, the trial court also allowed questioning regarding the mother's accusation that the father's older son had sexually abused other children. After considering that testimony, the learned trial judge apparently determined that additional evidence regarding the mother's accusations was not relevant to her allegations regarding the father's fitness as a parent.
At the initial modification hearing, and again at the hearing on the mother's post-judgment motion, the trial court heard extensive testimony regarding the present and predivorce relationships among the father, the mother, the grandmother, and the children. The record contains testimony from the mother and the maternal grandmother regarding numerous events occurring before the divorce and concerning unsubstantiated allegations they hurled against the father and other children in his predivorce care. It appears that after hearing this testimony, the trial court determined that additional evidence regarding predivorce conduct and events was irrelevant and/or merely cumulative, and that it should focus more on the evidence concerning the current abilities of these parents to care for their children. When the mother continuously tried to bring into the hearing evidence that was irrelevant or redundant, the trial court refused to admit additional evidence.
The law is well settled that the "trial court has wide discretion to determine whether evidence is relevant, material, or remote." Gober v. Khalaf, 628 So.2d 416, 417 (Ala.1993). Furthermore, the trial court heard the evidence and had the opportunity to observe the demeanor and determine the credibility of the witnesses. Hall v. Mazzone, 486 So.2d 408 (Ala.1986). A trial court's ruling regarding the admissibility of evidence will not be reversed absent a clear abuse of the court's discretion. T.G.S. v. D.L.S., 608 So.2d 743 (Ala.Civ.App.1992). Our review of this record fails to disclose any abuse of the trial court's discretionary authority regarding the exclusion of additional evidence concerning predivorce events.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
I must respectfully dissent because I conclude that the majority has not properly interpreted the rule in Wilson, supra regarding the admissibility of evidence of predivorce conduct in a modification proceeding. This court in Wilson stated and held:
"The provisions of the original divorce decree were, in the present case, based upon the stipulations and agreement of the parties. Apparently, no testimony concerning the child custody issue was offered. Under such circumstances, facts relating to the parties' pre-divorce conduct should be considered by the trial court in a modification proceeding. The trial court's refusal to admit any evidence concerning the parties' prior conduct is clearly error. Accordingly, the trial court's decree must be reversed." *456 408 So.2d at 116 (citations omitted) (emphasis added). As in Wilson, the original custody judgment in this case was reached by agreement; therefore, the rule in Wilson applies.
The majority states that the trial court merely determined that evidence of the father's son's sexual abuse against the mother's other children was not relevant and that such determination was within the trial court's discretion. I disagree. Although the allegations do not involve the children whose custody is at issue in this case, the trial court's order places these young children in the home with the father's son. Allegations of sexual abuse are particularly relevant in child custody cases, especially those involving pre-school children. Accordingly, I would apply the rule in Wilson to this case and remand the case for the trial court to consider evidence of the father's son's sexual abuse towards the mother's other children. Therefore, I must respectfully dissent.