703 So.2d 986 (1997)
Wendy Durrett BLUME
v.
Timothy DURRETT.
2950777.
Court of Civil Appeals of Alabama.
April 4, 1997.
Rehearing Denied May 16, 1997.
Certiorari Denied October 17, 1997.
*987 Douglas L. Key and Foster D. Key of Key, Frawley, Bulgarella & Key, Pelham, for appellant.
Gerard J. Durward and Terry M. Cromer of Durward & Cromer, Birmingham, for appellee.
Alabama Supreme Court 1961443.
THOMPSON, Judge.
This custody case was originally assigned to a former judge of this court and recently was reassigned. The mother, Wendy Durrett Blume, appeals from an order modifying an earlier judgment and awarding custody of the parties' two minor children to their father, Timothy Durrett. We reverse.
The parties were divorced on April 19, 1990. Wendy Durrett Blume ("the mother") was given custody of the parties' two minor children, pursuant to an agreement that was incorporated into the divorce judgment. Timothy Durrett ("the father") was ordered to pay child support and was awarded visitation in accordance with the agreement. The trial court heard no oral testimony at the time of the parties' divorce.
The father petitioned to modify the custody provisions on May 19, 1992. At that time, the mother was married to Charles Blume. *988 On May 26, 1993, the mother divorced Charles Blume. Shortly thereafter, a settlement was reached on the father's petition for modification. The settlement specified that the mother was not to allow the parties' minor children to be in the residence of her former husband, Charles Blume, overnight. On April 22, 1994, the mother remarried Blume. The father, on May 4, 1994, filed a second petition to modify the custody provision and filed a petition to have the mother held in contempt. The trial court heard testimony on January 11 and 12, 1996.
Immediately before the trial, the judge discussed with the parties' attorneys the time periods to which the parties would be limited in their testimony. This discussion took place off the record. The judge refused to hear testimony regarding events occurring before January 1, 1992, and ruled that the evidence would be limited to events occurring from January 1, 1992, onward. The date selected by the judge is not procedurally or factually significant.
At trial, the judge refused to hear the testimony of one of the parties' minor children. The trial judge's order was entered on March 1, 1996. The order changed custody from the mother to the father, awarded the mother visitation rights, and reserved the issue of child support. The mother appeals, arguing that the trial court erred in limiting the testimony and evidence to the time before January 1, 1992. The mother also argues that the trial judge erred in precluding the minor child's testimony.
The father contends in his brief that the mother failed to preserve for appeal the exclusion of testimony pertaining to events occurring before January 1992. The father argues that the mother made no offer of proof at trial as to what the excluded evidence would have been, as required by Ala. R. Evid. 103(a). However, the record indicates that the judge mentioned the prior discussion concerning the scope of examination, which had occurred off the record before testimony began, and mentioned that the mother had objected. The judge granted the mother a "standing objection" to his ruling.
"Further, an offer of proof is not necessary, in order to preserve an objection to a ruling of exclusion for review, where the offer of proof would be a useless gesture by virtue of the attitude of the trial court, or where the court has ruled broadly that evidence of a particular class or type, or evidence in support of the theory or fact which the party is seeking to establish, is inadmissible. 4 C.J.S. Appeal and Error § 291."
Killingsworth v. Killingsworth, 283 Ala. 345, 354, 217 So.2d 57 (1968).
The discussion of the allowable scope of examination took place off the record. The trial judge later noted on the record both the occurrence of this off-the-record discussion and his ruling. The judge also granted the mother a standing objection to the ruling. Any offer of proof would have been useless in light of the court's ruling. We find that the exclusion-of-evidence issue was properly preserved for appeal.
Facts that are disclosed to the court in the original custody determination cannot be reexamined in a later modification. Wilson v. Wilson, 408 So.2d 114 (Ala.Civ. App.1981), cert. denied, 408 So.2d 117 (Ala. 1982). However, facts not disclosed at the time of the original divorce proceeding should be considered by the court in a subsequent modification proceeding. Id. In Wilson, this court reversed the trial court's order because that court had not considered predivorce conduct. The court had not considered that conduct because the divorce had been based on an agreement, and there had been no testimony regarding the predivorce conduct of either party.
Here, as in Wilson, the divorce judgment incorporated an agreement of the parties, and there was no testimony at the time of the divorce concerning child custody issues. "Under such circumstances, facts relating to the parties' predivorce conduct should be considered by the trial court in a modification hearing." Wilson v. Wilson, 408 So.2d at 116 (citing Anonymous v. Anonymous, 277 Ala. 634, 173 So.2d 797 (1965)).
In Taylor v. Hogan, 673 So.2d 453 (Ala. Civ.App.1996), this court affirmed the lower *989 court's decision not to hear certain testimony concerning predivorce conduct, stating that the trial judge has wide discretion in determining what evidence is relevant. However, in Taylor, the judge heard some testimony regarding predivorce conduct, and then ruled that any additional testimony concerning predivorce conduct would merely be cumulative. Thus, Taylor is distinguishable from this case, where the trial court has heard no evidence concerning the predivorce and pre-January 1992 conduct of either party.
In this case, the divorce was by agreement of the parties, and no evidence was before the trial court at the time of the divorce judgment concerning the parties' conduct as it pertained to custody issues. In addition, the court had heard no evidence at any time concerning the parties' conduct as it related to custody issues from the time of the divorce to the January 1992 date selected by the judge. The trial court erred in choosing an arbitrary date before which it would not hear evidence relating to the parties' conduct. Thus, the judgment must be reversed.
The appellant also argues that the trial court erred in precluding the testimony of the minor daughter of the parties. The parties discussed having both children testify. The older child did testify, after which the judge declared a recess. After coming back from the recess, but without examining the younger child, the judge stated:
"I have made the determination that I am not going to take the testimony of the seven-year-old. Having seen her in person in the courtroom ... I do not feel like she is mature enough to offer any testimony that would give much weight to the case.... I have made that decision."
The mother argues that Rule 601, Ala. R. Evid., provides that all witnesses are presumed competent to testify, and that the child's age should be determinative only of the weight to be given to her testimony. The father argues that the child's testimony was never offered and therefore that this issue was not preserved for appeal. We again note that under the rule in Killingsworth, supra, an offer of proof is not required where it would be a useless gesture. Given the trial judge's declared decision to exclude the minor child's testimony, an offer of proof would have been useless.
The mother, in her brief, argues that there can be no blanket exclusion of a child's testimony because of the child's age. Ex parte Harris, 461 So.2d 1332 (Ala.1984), rev'g Harris v. Harris, 461 So.2d 1330, on remand, 461 So.2d 1335 (Ala.Civ.App.1984). Indeed, Ex parte Harris dictates the general law on this issue: "a trial court may not prohibit a witness from testifying in a divorce case solely because the proposed witness is a child of the parties, even though calling children to testify against one of their parents in a divorce case is distasteful and should be discouraged." 461 So.2d at 1333.
However, the facts of Ex parte Harris are different from the facts of this case. In Harris, the trial court refused to allow the testimony of a minor because of the minor's relationship to the parties. In this case, the trial judge had indicated he would allow the children's testimony, and the minor's brother did testify. Only after observing the minor in the courtroom did the judge disallow her testimony. Unfortunately, the judge made no finding on the issue of competency.
The trial judge should have examined the child to determine the child's maturity and competency to testify because of the presumption of competency of witnesses. However, during a custody proceeding, a child is a ward of the court, and the trial judge has wide discretion in protecting the child. The judge
"acts as parens patriae to do what is best for the interest of the child.... Any matter affecting the rights, interest or welfare of the ward is within the peculiar jurisdiction and discretion of the court. Protection of the child from the emotional experience of expressing a preference as between one parent or another in open court in their presence and being subjected to cross-examination is within the discretion of the court."
Leigh v. Aiken, 54 Ala.App. 620, 623-24, 311 So.2d 444 (Ala.Civ.App.1975).
It is important to note here that the mother objected to an in camera examination *990 by the judge of the children. Because of the mother's objection, the determination of the children's competency and their testimony could occur only in open court. It was within the discretion of the trial judge to protect the minor from any trauma associated with testifying in open court. Leigh v. Aiken, supra. A determination on the issue of competency or a more clear designation of the reason that the judge disallowed the minor's testimony is advisable on remand.
The appellee's request for an attorney fee is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.
MONROE, Judge, dissenting.
I would affirm the trial court; therefore, I dissent.
ROBERTSON, P.J., concurs.