THOMPSON, Presiding Judge,
concurring specially.
This case illustrates why caution should be exei’cised when allowing a young child to testify, particularly in an action between the child’s parents. There is no general prohibition against allowing a child to testify, “ ‘even though calling children to testify against one of their parents in a divorce case is distasteful and should be discouraged.’ ” Blume v. Durrett, 703 So.2d 986, 989 (Ala.Civ.App.1997) (quoting Ex parte Harris, 461 So.2d 1332, 1333 (Ala.1984)). In determining whether to allow a child to testify, a trial court should make a determination of the child’s “maturity and competency” to provide testimony. Blume v. Durrett, 703 So.2d at 989. In addition, as in all matters concerning child custody, the best interests of the child are the foremost consideration. McCulloch v. Campbell, 60 So.3d 909, 918 (Ala.Civ.App.2010). Therefore, the trial court must determine whether, given the situation and the child’s maturity and competency, allowing a child to testify would serve the child’s best interests.
“During a custody proceeding, a child is a ward of the court, and the trial judge has wide discretion in protecting the child. The judge
“ ‘acts as parens patriae to do what is best for the interest of the child.... Any matter affecting the rights, interest or welfare of the ward is within the peculiar jurisdiction and discretion of the court. Protection of the child from the emotional experience of expressing a preference as between one parent or another in open court in their presence and being subjected to cross-examination is within the discretion of the court.’
“Leigh v. Aiken, 54 Ala.App. 620, 623-24, 311 So.2d 444 (Ala.Civ.App.1975).”
Blume v. Durrett, 703 So.2d at 989 (emphasis added).
The transcript of the child’s testimony in this case demonstrates that the child was either in distress while testifying or not sufficiently mature to testify. The child was prodded repeatedly to answer questions posed to her, and, when the child merely nodded or shook her head in response to a question, she was further repeatedly urged to answer questions aloud. Neither parent objected to the child’s being called to testify in open court as possibly being detrimental to her, nor did either object during the child’s testimony. At the end of the questioning of the child, the mother’s attorney asked the child whether she believed that it was fair that the child had to make the decision regarding with which parent she was to live. The child was unable to answer and instead shook her head.
The child’s preference, alone, is not determinative of a custody decision, see Glover v. Singleton, 598 So.2d 995, 996 (Ala.Civ.App.1992), and Marusich v. Bright, 947 So.2d 1068, 1071 (Ala.Civ.App.2006), *603 and no child should be placed in the position of believing that his or her preference would decide a dispute between the two adult parents. It is clear from the transcript that having to testify in the action between her parents placed the child in an untenable and stressful situation. In determining whether to allow a child to testify, a trial court should consider its parens patriae role in protecting the child from the stresses of believing that he or she might influence the outcome of a custodial dispute between his or her parents and to consider whether the child is sufficiently mature to testify and whether allowing the child to testify serves the child’s best interests.