Rel: April 19, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0504

_____

**Jeana Lyne Hamilton**

**v.**

**Kenneth Ray Hamilton**

**Appeal from Conecuh Circuit Court**
**(DR-15-900034.05)**

LEWIS, Judge.

Jeana Lyne Hamilton ("the mother") appeals from a judgment entered by the Conecuh Circuit Court ("the trial court") dismissing her petition to modify custody of A.H. ("the child") upon motion of Kenneth

Ray Hamilton ("the father"). We reverse the trial court's judgment and remand the case with instructions.

Procedural History

On September 20, 2022, the trial court entered an amended judgment modifying the awards of custody and visitation of the child by removing the child from the custody of the mother, awarding custody of the child to the father, and awarding the mother supervised visitation. The trial court set forth the following pertinent findings in its amended judgment:

> "A. The age, maturity and needs of the minor child ha[ve] changed;
>
> "B. The Visitation Schedule incorporated in the Judgment of Divorce has not been followed and is not feasible given the distance the parties live from each other;
>
> "C. That the Father has moved and changed jobs on more than one occasion and currently lives with his Mother and Step-Father in Cincinnati, Ohio. The Father receives military disability benefits.
>
> "D. The Mother has not been employed over the last three years and receives military disability benefits;
>
> "E. That the Mother has home-schooled the minor child;
>
> "F. The Mother and minor child have moved and now live with the Mother's boyfriend in Evergreen, Alabama;

2

"G. That the minor child has been diagnosed with numerous conditions and prescribed numerous medications since the approximate age of three, all of which the Court has serious concerns as to the well-being of the minor child;

"H. That the Mother has made unfounded allegations of sexual abuse against the Father and Step-Grandfather on more than one occasion;

"I. That the Mother is being investigated by Conecuh County DHR for child abuse related to allegations of factitious disorder imposed on another."

On February 1, 2023, the mother filed a petition requesting that the trial court modify custody of the child by awarding the mother custody of the child and by awarding the father visitation. The mother alleged, in pertinent part:

"1. … This Court's order removed physical and legal custody of the minor child from the … mother and awarded legal and physical custody of the child to father, based in part on the findings of a court ordered psychological evaluation of the parents, by Dr. Jack Carney. The … mother was left with visitation, to be supervised only by certain stipulated parties, reason for which being a determination of a totality of circumstances, and the said circumstances turn entirely upon the findings of the said Dr. Jack Carney's diagnosis of 'Factitious Disorder, Imposed on Another'

"2. That material changes in [the] mother's circumstances have occurred since the [September 2022 judgment], and are listed as follows:

"a) The … mother has been evaluated by another psychologist who disagrees with the

3

finding of 'Factitious Disorder Imposed on Another' by Dr. Jack Carney, weighing heavily in this Court's Amended Final Order; and

"b) the [mother] and her previous fiancé have been married since this Court's Amended Final Order.

"3. That there are material changes in circumstances for the … father, and are as follows:

"a) The [father's] employment schedule has changed such that Defendant's mother, Stephanie Kimmell, is the only regular care giver for the minor child[;]

"b) the [the father's] mother, Stephanie Kimmell is not subject to this Court's final order, but would otherwise be in regular violation of same, by speaking badly about the mother and her family in an effort to alienate the mother and daughter;

"c) the child is now being treated for many of the conditions that the [father] previously alleged to be fictitious and, most importantly, evidence of [the mother's] alleged condition, 'Factitious Disorder Imposed on Another;' and

"d) the child is now being treated for an alleged bladder condition.

"4. That the best interest of the child is to be returned to the physical and legal care of [the] mother … for the following reasons:

"a) despite the previous allegations of Factitious Disorder advanced by [the father], and

4

the subsequent evaluation by Dr. Carney in support of same, the mother has sought the opinions of her primary care doctor, along with an uninterested psychologist, who [has] found [the mother] free of the said disorder[;]

"b) that resulting from the [father's] skepticism for [the child's] medical needs the minor child was thrust into a public school system without consideration for the previously diagnosed conditions warranting special education attention[;]

"c) that the child is now undergoing the same evaluations previously administered, subjecting her to further distress[;]

"d) the child has little interaction with her father during the weekdays, as [the father] now works in Kentucky until midnight on weekday nights, leaving the … child in the care of his mother, Stephanie; and

"e) [the father's] Step-Father, Jeff Kimmell, no longer works in Tennessee, where he previously maintained an apartment, conveniently half-way between Evergreen, Alabama, and Cincinnati, Ohio, thus creating a long and difficult distance between the [child] and [the] Mother, the Child's sole care-giver from before the divorce of the parties in 2015 until 2022.

"5. That the disruptive nature of modifying custody is overcome by the improvement in the child's best interests in the following ways

"a) the … child would return to the home she has known most of her life[;]

"b) the … child will be raised in a two parent home, in light of the petitioner's change in marital status;

"c) the child will be close to the many friends she made prior to being placed in Ohio; and

"d) the child will no longer be subjected to the disparaging remarks about her family, made by the Defendant's mother, Stephanie.

"e) the child will return to special educational accommodations, previously arranged between mother and qualified professionals."

On March 6, 2023, the father filed a motion to dismiss, pursuant to Rule 12(b)(6), Ala. R. Civ. P., stating that the mother "failed to state a claim upon which relief can be granted" because the mother's "claim is an impermissible 'collateral attack' on [the September 2022 judgment]." The father asserted that the mother's petition for modification failed to "raise any new or material issues that relate to custody of the … child." On March 13, 2023, the mother filed a response in opposition to the father's motion to dismiss.

After a hearing, the trial court entered a judgment on March 22, 2023, finding that the mother's petition to modify was "an impermissible collateral attack on [the September 2022] judgment" and dismissing the

mother's petition. The mother filed a postjudgment motion on March 31, 2023, arguing that she had alleged that material changes in circumstances had occurred and, therefore, res judicata was inapplicable. That motion was denied by operation of law on June 29, 2023. The mother filed her notice of appeal with this court on July 19, 2023.

Standard of Review

> "'""The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [her] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [she] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'"'
>
> "Ex parte Troy Univ., 961 So. 2d 105, 108 (Ala. 2006) (quoting Knox v. Western World Ins. Co., 893 So. 2d 321, 322 (Ala. 2004), quoting in turn Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993)). 'A ruling on a motion to dismiss is reviewed without a presumption of correctness.' Newman v. Savas, 878 So. 2d 1147, 1148-49 (Ala. 2003)."

Ohio Valley Conf. v. Jones, [Ms. SC-2022-0930, May 19, 2023] ___ So. 3d ___, ___ (Ala. 2023).

## Discussion

"The doctrine of res judicata provides that a final judgment entered by a court of competent jurisdiction binds the parties from relitigating the issues decided therein. See Hughes v. Martin, 533 So. 2d 188 (Ala. 1988). Applied strictly, that doctrine would prevent repeated litigation over the custody of a child; however, as early as 1858, our supreme court recognized that, because of the shifting nature of the needs of a growing child, a court of equity should be allowed to redetermine custody in appropriate cases. See Cornelius v. Cornelius, 31 Ala. 479 (1858). In keeping with the rationale behind the doctrine of res judicata, the supreme court decided that, in order to prevent 'oft-repeated, harassing litigation over the custody of infants,' a final child-custody determination, like any other judgment, could not be reopened for reconsideration of the correctness of the judgment. Sparkman v. Sparkman, 217 Ala. 41, 43, 114 So. 580, 581 (1927). It further held, however, that, if a party could satisfactorily prove that circumstances had changed in a significant way since the entry of the earlier judgment, the doctrine of res judicata would not preclude a new determination of child custody based on those changed circumstances. See Pearce v. Pearce, 136 Ala. 188, 190, 33 So. 883, 884 (1903). Hence, the law became that a prior custody judgment could be modified based only on a material change of circumstances. See Wren v. Stutts, 258 Ala. 421, 422, 63 So. 2d 370, 371 (1953)."

Gallant v. Gallant, 184 So. 3d 387, 392-93 (Ala. Civ. App. 2014).

"[A] noncustodial parent seeking to modify a previous custody award of sole physical custody [must] demonstrate that a material change in circumstances has occurred such that a change of custody would materially promote the child's best interests and that the benefits of the change would offset the disruptive effect of the change in custody."

8

Michalak v. Peterson, [Ms. CL-2022-0629, Mar. 3, 2023] ___ So. 3d ___, ___ (Ala. Civ. App. 2023); see also Ex parte McLendon, 455 So. 2d 863 (Ala. 1984). "Generally, in a custody modification proceeding, one is limited to presenting evidence that relates back only to the last custody judgment." Taylor v. Hogan, 673 So. 2d 453, 455 (Ala. Civ. App. 1996).

Here, although the mother included some allegations in her petition that appear to relate to the period before the entry of the September 2022 judgment, the mother also included allegations that concern events occurring since the entry of the September 2022 judgment. For example, the mother alleged that "[t]he [father's] employment schedule has changed such that [the father's] mother, Stephanie Kimmell, is the only regular care giver for the minor child"; that "the [the father's] mother, Stephanie Kimmell [has spoken] badly about the mother and her family in an effort to alienate the mother and daughter"; that "the child has little interaction with her father during the weekdays, as [the father] now works in Kentucky until midnight on weekday nights, leaving the … child in the care of his mother, Stephanie"; and that "[the father's] Step-Father, Jeff Kimmell, no longer works in Tennessee, where he previously maintained an apartment, conveniently half-way between Evergreen,

9

Alabama, and Cincinnati, Ohio, thus creating a long and difficult distance between the [child] and [the] Mother."

Viewing "'"the allegations of the complaint … most strongly in the pleader's favor, it appears that the [mother] could prove [a] set of circumstances that would entitle [her] to relief."'" Ohio Valley Conf., ___ So. 3d at ___ (quoting Ex parte Troy Univ., 961 So. 2d 105, 108 (Ala. 2006).  Moreover, it appears that the mother "may possibly prevail."  On the other hand, it does not appear "that the [mother] can prove no set of facts in support of the claim that would entitle [her] to relief."  Therefore, we conclude that the trial court erred in dismissing the mother's petition for modification.

<u>Conclusion</u>

Based on the foregoing, the trial court's judgment is reversed.  This cause is remanded for further proceedings consistent with this opinion.  On remand, the trial court may limit the evidence to evidence "that relates back only to the last custody judgment."  Taylor, 673 So. 2d at 455.

REVERSED AND REMANDED WITH INSTRUCTIONS

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.