L. CHARLES WRIGHT, Retired Appellate Judge.
At issue here is the custodial disposition of Tanya Marie Seibert’s two children, Daniel and Brandi. The procedural history of this case is rather lengthy and complicated. For purposes of this appeal, however, only the following is pertinent: The custodial battle began in 1987. In November 1990, following numerous hearings and an intervention by the Department of Human Resources, the trial court awarded custody of Daniel to his father, Daniel Ray Seibert. Glenda and Keith Howell were awarded custody of their niece, Brandi. The mother did not appeal the custody award.
On October 4, 1991 the mother filed a motion to reconsider, alleging that the trial court had never ruled upon a motion she filed in September 1989 requesting that she be given custody of her children. Simultaneously, the mother filed a motion requesting a modification of the custodial arrangement. The mother did not request a hearing. The motions were submitted to the trial court and summarily denied on October 10, 1991.
The mother appeals and asserts that “[tjhere was insufficient evidence to remove the custody of Tanya’s children from her, or, stated another way, Tanya produced substantial evidence that it was in the best interest of her minor children that they be reunited with her.”
The mother would have us revisit the testimony preceding the November 1990 award of custody. We are precluded from doing so because the mother never appealed that order. Lindley v. Lindley, 531 So.2d 925 (Ala.Civ.App.1988). The only issue concerning custody which is properly before us is whether the trial court erred in denying the mother’s October 4, 1991 motion to modify.
The determination of child custody issues is a matter of discretion with the trial court. Ezell v. Hammond, 447 So.2d 766 (Ala.Civ.App.1984). On appeal, such exercise of discretion will not be reversed absent a plain and palpable abuse of discretion. Ezell.
In her motion to modify, the mother perfunctorily alleged that custody should be returned to her because “she is a fit and proper person” and “it is in the best interest of said minor children.” The mother did not request a hearing and it appears from the court’s order that the matter was submitted for disposition on the motion.
The mother has failed to present to us any evidence that the trial court abused its discretion in denying the October 1991 motion for change of custody. “This court cannot presume error; the appellant has an affirmative duty of showing error.” Perkins v. Perkins, 465 So.2d 414 (Ala.Civ.App.1984). Accordingly, we find no error.
The mother’s assertion that the trial court failed to rule on her September 1989 motion is without merit. The trial court found on two separate occasions after September 1989 that the mother was not entitled to custody. It did so in December 1989 when it ordered that custody remain “status quo” and in November 1990 when it awarded custody to the Howells and to Daniel Seibert.
The trial court’s denial of the mother’s October 1991 motion is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.