638 So.2d 8 (1994)
Christina Taylor HANDLEY
v.
Robert TAYLOR.
AV92000640.
Court of Civil Appeals of Alabama.
May 6, 1994.
Robert B. Aderholt of James, Lowe & Mobley, Haleyville, for appellant.
D. Russell Eason of Masdon and Eason, Haleyville, for appellee.
YATES, Judge.
The mother appeals from an order of the Circuit Court of Marion County modifying an earlier judgment and awarding custody of the parties' minor child to the father.
The parties were divorced on September 21, 1989. Pursuant to an agreement incorporated into the final divorce judgment, the wife was given custody of the parties' minor child and the husband was ordered to pay $25 a week in child support.
In October 1990, the father petitioned to modify the original divorce judgment, alleging that the mother was not a suitable person to retain custody of the child. The trial court held a temporary custody hearing on November 2, 1990. The petition was dismissed without prejudice on June 27, 1991.
On November 5, 1992, the wife filed a petition to modify the divorce judgment. She requested that the court increase child support, allow her to move with the child to Florida, and modify the father's visitation privileges to allow visitation every other weekend. On November 9, 1992, the father filed a petition to modify, alleging that the mother's current husband was abusive and *9 that the environment in which the child was living was detrimental to the well-being of the child. Following a hearing, the trial court, on May 25, 1993, modified the divorce judgment by awarding custody of the minor child to the father, allowing the mother visitation, and ordering the mother to pay child support of $25 a week.
The mother appeals, contending that the trial court 1) improperly refused to admit evidence of the husband's pre-divorce conduct and 2) failed to apply the appropriate standard for modifying custody.
The mother sought to introduce evidence of the father's alleged abusive conduct before the divorce; however, the court refused to hear any evidence pertaining to anything that occurred before their divorce. This court has held that facts considered by the court in the original custody judgment cannot be "rehashed" in subsequent modification proceedings. However, facts existing at the time of the divorce, but not disclosed at that time, may be considered by the court in a subsequent modification proceeding. Wilson v. Wilson, 408 So.2d 114 (Ala.Civ. App.1981), cert. denied, 408 So.2d 117 (Ala. 1982). Our review of the record indicates that the September 21, 1989, divorce and custody judgment was not the result of a trial, but rather was based on an agreement of the parties. The parties presented no testimony concerning the child custody issue.
The court held a hearing on November 2, 1990, regarding the father's first petition to modify the custody provision. The record on appeal does not contain a transcript of that hearing, but from the remarks made by the trial court we are convinced that the pre-divorce conduct of the husband was not considered by the trial court in this modification proceeding. Under these circumstances, facts relating to the pre-divorce conduct of the parties should be considered. Id. Therefore, we hold that the trial court's refusal to admit evidence regarding the father's prior conduct was error.
The appellant also contends that the trial court did not apply the proper standard in modifying the custody provision. We pretermit discussion of this issue because we must reverse the judgment, based on our discussion of the first issue.
REVERSED AND REMANDED.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in the result only.
THIGPEN, Judge, concurring in the result only.
I concur that this case must be reversed for further proceedings by the trial court; however, I do so for different reasons. It appears to me that the dispositive issue concerns the trial court's ruling regarding custody. Although the prior judgment was modified to change custody from the mother to the father, there is no indication in the record or the trial court's judgment to indicate what standard was utilized by the trial court to make that decision. Additionally, it does not appear that the record supports changing custody utilizing the proper standard espoused by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Because I would address the merits of the custody determination and reverse for further proceedings utilizing the proper standard, I would not consider the issue regarding the admission of evidence as reversible error. It is noteworthy to me that there was a hearing on the prior modification petition, and, although there is no transcript of that hearing, it is undisputed that a hearing was held. I cannot determine from the record exactly what the trial court did or did not consider at that time. There is an on-record discussion between the court and the father's counsel regarding that hearing which indicates that several witnesses testified and that the testimony lasted "most of all day." In light of that and the requirement of McLendon to show a material change of circumstances since the last decree, I would reverse this case on the custody issue.