806 So.2d 395 (2001)
C.P.
v.
W.M. and J.M.
2991384.
Court of Civil Appeals of Alabama.
June 22, 2001.
*396 John A. Tinney, Roanoke, for appellant.
Dianne James Davis, Alexander City, for appellees.
MURDOCK, Judge.
The Randolph Circuit Court entered a judgment transferring the custody of an 11-year-old child, D.M.D., from his mother, C.P., to his paternal grandparents, W.M. and J.M. ("the grandparents"). The mother appeals.
The court entered the judgment on September 13, 2000, after conducting a two-day ore tenus proceeding on the grandparents' April 2000 petition for custody; that petition had alleged, among other things, that a material change in circumstances had occurred since the trial court had entered its order awarding custody of the child to the mother in 1990 and since it had entered its order affording visitation to the grandparents in March 1998.
The mother first contends that the trial court erred in admitting testimony of incidents that had occurred before the trial court entered its March 19, 1998, order; she argues that that order was a judgment denying an earlier petition for custody filed by the grandparents. The record does not contain a copy of that order, nor does it contain copies of any of the pleadings filed in that proceeding. However, the transcript of the testimony adduced during the ore tenus proceeding on the grandparents' April 2000 custody petition reveals that the terms of the March 1998 order were agreed upon by the parties, rather than having been dictated by the trial court in the first instance.
"Generally, in a custody modification proceeding, one is limited to presenting evidence that relates back only to the last custody judgment." Taylor v. Hogan, 673 So.2d 453, 455 (Ala.Civ.App.1996). However, we have recognized an exception to that general rule in custody-modification proceedings wherein the earlier judgment awarding custody was based upon an agreement of the parties and the facts sought to be adduced were not disclosed in the proceeding giving rise to the earlier consent judgment. E.g., Handley v. Taylor, 638 So.2d 8, 9 (Ala.Civ.App.1994) (holding that where an earlier custody *397 judgment did not follow a trial, the trial court erred in failing to consider, in a later modification proceeding, the conduct of the parties before that earlier judgment was entered).
This case is similar to Handley, in that the trial court's March 1998 order was entered pursuant to the parties' agreement. Therefore, the issue of the parties' conduct committed before the court entered the March 1998 order was not, in the language of Handley, "rehashed" in the ore tenus proceeding on the grandparents' April 2000 custody petition. Moreover, Seibert v. Seibert, 611 So.2d 375 (Ala.Civ. App.1992), the sole case cited in the appellant's brief on this issue, is not to the contrarythe evidence relied upon by the appellant in Seibert, unlike the evidence the mother complains of in this case, had been adduced in various contested hearings leading up to an initial (unreviewed) custody judgment. Therefore, the trial court did not err in admitting evidence concerning the parties' conduct committed before it entered its March 1998 order.
The mother argues next that the award of custody to the grandparents violated Alabama precedents governing the transfer of custody from a parent to a nonparent. The trial court's judgment in this case reads, in pertinent part:
"From the evidence and testimony it has been shown that these grandparents have played a significant role in the life of this child. The child has spent a large portion of his life with the grandparents. In summation, the mother's life has been very unstable and she has lived in several different places with different men. One relationship in particular was destructive both for the mother and the child. In that relationship both were exposed to dangerous situations, and the mother showed a reluctance to leave that relationship behind.
"The mother had left the child with the grandparents during the 1999 ... school year and had a visitation period with the child in April, 2000. During said visitation an incident occurred between the child and the mother's current husband. The testimony presented shows that the child became involved in a dispute with his step-brother in a swimming pool which escalated into the step-father holding the child by his feet above the concrete side of the pool. Matters continued to degenerate after all parties had returned to the apartment and the mother's hand was broken during the process of whipping the child with a belt. The mother and her husband contend that the child threatened suicide, but this is simply not borne out. In any event, the mother and her husband had the child admitted into a psychiatric hospital two days later. There is no evidence that they sought immediate medical help for the child. In the opinion of the Court, the action of the mother was a gross and inappropriate reaction to the situation.
"One of the most telling points of the evidence was when the child testified and in response to a question of why he wanted to live with his grandparents, he stated `I feel safe there.' This is a concise summation of this child's turbulent life. He is safe with his grandparents. While he loves his mother and wants to visit her, her instability has in the past placed him at risk.
"This Court is hesitant to place a child in the custody of grandparents when there is a viable parental alternative. There is no such alternative here. The child is where he should be, and custody is vested with the grandparents."
In Ex parte Terry, 494 So.2d 628, 632 (Ala.1986), our Supreme Court noted that in order for a nonparent to overcome a natural parent's right to the custody of his or her child, there must be either "a showing *398 of voluntary forfeiture of that right" by the natural parent or a finding of "misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question." Such a finding must be made based upon "clear and convincing" evidence. Id. at 630.
Further, a finding of unfitness under Ex parte Terry must be made expressly. See R.H.M. v. State Dep't of Human Resources, 648 So.2d 614, 616 (Ala.Civ.App. 1994). See also S.C.S. v. S.W.S., 707 So.2d 278, 280 (Ala.Civ.App.1997) (Crawley, J., concurring in the result) (where the trial court awards custody to a nonparent but does not make a finding that the parent is unfit, the trial court's judgment should be reversed and the cause remanded for the trial court to make a finding as to the parent's fitness).
The juvenile court did not make an express finding of unfitness in this case.[1] We therefore reverse its judgment awarding custody of the child to the grandparents, and we remand the cause for that court to make the necessary determination as to whether the standards articulated in Ex parte Terry have been satisfied. Accord J.L. v. L.M., 805 So.2d 729 (Ala.Civ. App.2001).
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
YATES, P.J., concurs in the result.
NOTES
[1] Because we reach this conclusion, we pretermit consideration of whether an award of custody to the grandparents was or was not in the best interests of the child. We need not consider that question unless the trial court, on remand, determines that evidence indicating the mother is unfit has overcome the presumption that the best interests of the child will be served as a matter of law by the mother's retention of custody. Terry, 494 So.2d at 632.