MURDOCK, Judge.
This appeal is from an order awarding custody of D.B.L. (“the child”) to his paternal grandmother, L.M. (“the grandmother”), over the objections of the child’s mother, J.L. (“the mother”).
In November 1999, the grandmother filed in the Juvenile Court of Colbert County a petition seeking temporary and permanent custody of the child, alleging, among other things, that the child was dependent; that the child’s father, D.B.C, had died on October 31, 1998; that the mother had no permanent residence; and that the mother was unable to properly care for the child. The court awarded temporary custody of the child to the grandmother, after an ex parte proceeding; the juvenile court also appointed a guardian ad litem for the child and appointed counsel for the mother. The guardian ad litem later prepared and filed a report concerning a home study that he had conducted with respect to the mother’s then current home in Sheffield. The juvenile court, after conducting an ore tenus proceeding, entered an order placing custody of the child in the grandmother. The mother, through new counsel, appealed to this court.[1]
The mother contends that the guardian ad litem appointed for the child was improperly permitted to submit a report of his home-study findings. In support of that contention, the mother cites only Rule 17(c), Ala. R. Civ. P., which concerns only the general power of trial courts to appoint guardians ad litem. We note that Rule 28(a)(5), Ala. R.App. P., requires parties to provide citations to supporting authority; and that it is “well established” that general propositions of law are not considered “supporting authority.” Geisenhoff v. Geisenhoff 693 So.2d 489, 491 (Ala.Civ.App.1997) (citing Ex parte Riley, 464 So.2d 92 (Ala.1985)). The mother’s failure to cite supporting authority as to this issue “leaves this court with no alternative but to affirm.” Geisenhoff, 693 So.2d at 491. Even if the mother had adequately briefed this contention, however, we would find no reversible error, because in the juvenile court she made no objection to the guardian’s report that would have preserved that contention for our review. “Even in juvenile cases, proper and timely objections are required.” M.W. v. State, 571 So.2d 361, 362 (Ala. *731 Crim.App.1990).[2]
The mother also contends that the juvenile court erred in overruling her objection to testimony of the rental manager of a property formerly leased by the mother in Leighton. The testimony and the objection are as follows:
“[THE WITNESS]: ... [I]t was just about every day they was at my house, [N.L., another of the mother’s children] and [D.B.L.] both, knocking on my door, wanting to play with my little girl and hungry. Where they would come in and say, ‘... [C]an I have something to eat?’
“[COUNSEL FOR THE MOTHER]: I object to anything the children said.
“BY THE COURT: Overruled.”
The mother did not assign grounds for her objection to the testimony, in contravention of Rule 103(a)(1), Ala. R. Evid., which mandates that one must state a “specific ground of objection” in order to predicate error on the admission of evidence. Moreover, we are not convinced that the witness’s testimony concerning the hunger of the children was, in fact, excludable hearsay, as the mother now contends. Rule 803(3), Ala. R. Evid., specifically permits the introduction of “statement[s] of the declarant’s then existing state of mind, emotion, sensation, or physical condition.” Similarly worded evidence rules in force in other jurisdictions have been held to allow the admission of statements regarding a declarant’s hunger. See United States v. Alzanki, 54 F.3d 994, 1008 (1st Cir.1995) (Rule 803(3), Fed. R.Evid.); State v. Poehnelt, 150 Ariz. 136, 152, 722 P.2d 304, 319 (Ct.App.1985) (Rule 803(3), Ariz. R. Evid.). Therefore, that argument fails.
The mother also argues that the juvenile court erred in failing to make express findings in its judgment concerning whether the father had abused the mother. However, we note that the alleged perpetrator of the abuse, the father, died in October 1998; that neither he nor his estate is a party to this appeal; and that neither of the parties to this appeal is alleged to have perpetrated domestic or family abuse upon the other or upon the child. While certain cases decided by this court have indicated that a trial court must make express findings concerning whether domestic or family abuse has occurred, before awarding custody of a child to the alleged perpetrator (see Fesmire v. Fesmire, 738 So.2d 1284 (Ala.Civ.App.1999) (plurality opinion), and Davis v. Davis, 743 So.2d 486 (Ala.Civ.App.1999)), none of this court’s cases have required a trial court to make express findings concerning possible domestic abuse on the part of a nonparty. We conclude that the juvenile court could properly have determined that the incidents of domestic abuse alleged by the mother were “too remote” to have any bearing on whether custody of D.B.L. should be placed in the mother or the grandmother. Cf. A.H. v. R.M., 793 So.2d 799 (Ala.Civ.App.2001).
The mother further contends that the juvenile court’s failure to hold a hearing on the grandmother’s initial petition for temporary custody violated the mother’s due-process rights and improperly prejudiced her during subsequent proceedings. However, our caselaw clearly gives a trial court the power, even ex parte, to enter orders temporarily transferring custody of children pending a final custody judgment, so as to protect and provide for *732 those children pending a final hearing. Ex parte Harris, 506 So.2d 1003 (Ala.Civ.App. 1987); Brooks v. Brooks, 494 So.2d 645 (Ala.Civ.App.1986).
In this case, as in Harris and Brooks, the petitioning party made serious allegations in the initial pleading concerning threats to a child’s health and safety: the grandmother alleged that the mother had had several brushes with the police; that she lacked a permanent residence; that she had a drug problem and was cohabiting out of wedlock with a member of the opposite sex; and that she had been unable to properly care for the child, who, the petitioner said, was sick at the time the petition was filed. The juvenile court’s factual findings, entered after the court had conducted an ore tenus proceeding, at which the mother was represented by counsel, cast doubt upon the mother’s ability to presently care for the child. Therefore, we conclude that the juvenile court did not err by entering its pendente lite custody order.
The sole remaining issue raised by the mother is whether the juvenile court complied with applicable Alabama substantive law in transferring custody from the mother to the grandmother.[3] The juvenile court made the following findings in its judgment:
“The court finds that the indiscr[eet] behavior of [the mother] causes or is apt to cause a detrimental effect on this child. [She] has a history of the use of illegal drugs and illegal drugs being present in her home, a history [of] disrespect for authority, of leaving her child or children unattended, of failing to properly attend to the child’s medical needs, of continually running afoul of the law and occasionally winding up in jail. It seems that the police are constantly at the residence of [the mother] because she is either a victim, perpetrator or spectator during the course of unlawful activity. [She] does not modify her bad behavior when the child is present and apparently considers partying and having a good time more important than caring for the child. [The mother] has a history of showing gross immaturity with respect to her parental responsibilities. Prior to the filing of this lawsuit [she] seemed to have no concept of the grave and serious responsibilities of parenthood. Both her character and [her] parenting skills are highly questionable. [The mother] is terrible at selecting her associates.
“The court recognizes that a natural parent has a prima facie right to custody of her child. However, the court is convinced from the evidence presented at the trial of this cause that to return this child to [the mother] at this time would unnecessarily and inappropriately risk this [child’s] being placed in unsafe and inappropriate circumstances and would not be in the child’s best interest.”
The juvenile court’s judgment indicates that it viewed the parent as an “unfit and improper person” to be entrusted with the care and upbringing of the child under the standard articulated in Ex parte Terry, 494 So.2d 628 (Ala.1986) (requiring showing of unfitness by clear and convincing evidence). The court’s judgment does not make an express finding to this effect, however.
*733 In R.H.M. v. State Department of Human Resources, 648 So.2d 614, 616 (Ala. Civ.App.1994), this court concluded that, in awarding custody of a child to a nonparent under the Ex parte Terry principles, a trial court must make an express finding that the parent, or the parents, are unfit. See also S.C.S. v. S.W.S., 707 So.2d 278, 280 (Ala.Civ.App.1997) (Crawley, J., concurring in the result) (where the trial court awards custody to a nonparent but does not make a finding that the parent is unfit, the trial court’s judgment should be reversed and the cause remanded for the trial court to make a finding as to the parent’s fitness).
Because the juvenile court did not make the necessary express findings, we reverse its judgment awarding custody of the child to the grandmother, and we remand the cause for that court to make an express determination of whether the standards articulated in Ex parte Terry have been satisfied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ„ concur.

. On February 21, 2001, the juvenile court judge certified the record as adequate, thereby satisfying the requirements of Rule 28(A)(1), Ala. R. Juv. P.

. We note that numerous reported cases refer to similar reports having been filed by guardians ad litem without any indication that the admission of those reports constituted error. E.g., T.L.L. v. T.F.L., 580 So.2d 1359, 1361 (Ala.Civ.App.1991); Crawford v. Gay, 703 So.2d 368, 369 (Ala.Civ.App.1996); Ex parte J.M.F., 730 So.2d 1190, 1193 (Ala.1998).

. We note that despite the grandmother’s allegation of the child’s dependency in her custody petition, no finding of dependency was made by the juvenile court, and neither party contends that the provisions of § 12-15-1 et seq., Ala.Code 1975, should be applied. We therefore review this case as pertaining to a custody dispute and not as one involving a dependent child. Cf. Jones v. Webb, 524 So.2d 374, 374-75 (Ala.Civ.App.1988).