WOODALL, Justice.
This is a child-custody case. The trial court awarded temporary custody of two minor children to F.G., the children’s maternal grandmother. N.L.R., the children’s natural father, appealed to the Court of Civil Appeals, which affirmed the judgment of the trial court, without an opinion. N.L.R. v. C.A.D., (No. 2001292, July 12, 2002) — So.2d - (Ala.Civ.App.2002) (table). N.L.R. petitioned this Court for certiorari review. We granted his petition to consider whether the decision of the Court of Civil Appeals conflicts with Ex parte Terry, 494 So.2d 628 (Ala.1986), and its progeny. We reverse and remand.
*1067 I.
C.A.D. and N.L.R. are the natural mother and natural father, respectively, of two teenage sons, W.D.D. and B.H.D. The parents have litigated concerning child support, visitation, and related matters since 1991, when N.L.R. filed a notice of declaration of legitimation of the children. However, this appeal does not involve a dispute between C.A.D. and N.L.R. Instead, it involves a dispute between F.G., C.A.D.’s mother, and N.L.R. over the custody of the children.
On May 22, 2001, the trial court allowed F.G. to intervene in the litigation and to file a petition for custody of W.D.D. and B.H.D. On May 30, 2001, N.L.R. filed a petition for custody, alleging that “he is the father of the minor children ... and is the most fit and suitable person to have ... custody of [them].” On May 31, 2001, a custody hearing was held, where the trial court considered ore tenus evidence.
On May 31, 2001, the trial court entered a temporary order; that order stated, in part:
“The maternal grandmother, as a non-parent, has the burden of proof to demonstrate by competent evidence that both parents are unfit and unsuited to have custody. The children were born out of wedlock. Therefore, the mother is prima facie entitled to have custody, until she is proven to be unfit or unsuited. The maternal grandmother presented abundant, clear, convincing and competent evidence that the mother is unfit and unsuited to have custody.... Having successfully proven that the mother is unfit and unsuited to have custody, the maternal grandmother must still prove by competent evidence that the father is also unfit or unsuited to have custody. The father is prima facie entitled to custody against any non-parent except the mother. The maternal grandmother’s evidence against the father falls ivoefully short of proving that he is unfit. In fact, this father has never been given a chance to be a real father. The hearing was not finished, and the Court will re-set another hearing to allow the father to refute the allegations of the maternal grandmother, but frankly, he has no affirmative burden to prove anything. The dilemma for the Court is that the boys need some time to adjust to the father. The purpose of this Order is to allow the defendant/father an opportunity to establish a better relationship with the boys during the summer months while they are out of school.”
(Emphasis added.) The trial court designated F.G., the maternal grandmother, as the “temporary foster parent” of the children. Recognizing that F.G.’s and N.L.R.’s petitions for custody remained pending, the trial court scheduled a “review hearing” on August 13, 2001.
The hearing was held as scheduled on August 13, and the trial court considered further ore tenus evidence. The court entered another order on August 23, 2001, again concluding that C.A.D. was “unfit and unsuited to have custody.” With regard to N.L.R., the trial court stated, in pertinent part:
“The maternal grandmother has produced no evidence whatsoever that the father is unfit to have custody. The only basis upon which this Court can determine that the father is ‘unsuited’ to have custody is the fact that the boys do not want to live with him in Scottsboro and the fact that he has failed to adjust his situation to accommodate their needs. If this is legally insufficient, then this Court welcomes an appeal by the father. This Court hoped that the father would adjust his circumstances to live and work where the boys want to *1068 attend school, so that he could be a bigger part of their lives.”
(Emphasis in original.) The trial court denied N.L.R.’s petition for custody, finding him “to be fit to have custody, but ... to be unsuited to have the care, custody and control of [his] children.” (Emphasis added.) The court awarded temporary custody of the children to F.G., and certified its judgment as final pursuant to Ala. R. Civ. P. 54(b).
On September 5, 2001, N.L.R. filed a motion to alter, amend, or vacate the judgment entered on August 23, 2001. The trial court denied that motion on September 13, 2001, and N.L.R. appealed to the Court of Civil Appeals.[1]
On July 12, 2002, the Court of Civil Appeals affirmed the judgment of the trial court, without an opinion. N.L.R. filed an application for rehearing, which the Court of Civil Appeals overruled without an opinion on September 6, 2002. N.L.R. then petitioned this Court for certiorari review, which was granted on December 10, 2002.
II.
The trial court made findings of fact based upon oral testimony and other evidence, and then awarded custody to F.G. based upon its application of the law to the facts.
“ ‘[W]e will not disturb the trial court’s findings of fact unless those findings are plainly and palpably wrong and not supported by the evidence.’ Williams v. Lide, 628 So.2d 531, 534 (Ala.1993), citing Mitchell v. Kinney, 242 Ala. 196, 200, 5 So.2d 788, 797 (1942). However, the ore tenus rule does not extend to cloak a trial judge’s conclusions of law, or incorrect application of law to the facts, with a presumption of correctness. As this Court has held, ‘when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court’s judgment.’ Griggs v. Driftwood Landing, Inc., 620 So.2d 582, 586 (Ala.1993).”
Eubanks v. Hale, 752 So.2d 1113, 1144-45 (Ala.1999)(opinion on return to second remand).
III.
The central issue in this case is legal, as opposed to factual, in nature. Stated simply, the issue is whether the trial court’s finding N.L.R. fit to have custody of his children precluded it, as a matter of law, from awarding custody to F.G., the maternal grandmother. We hold that it did. Therefore, the trial court erred in awarding temporary custody to F.G., and the Court of Civil Appeals erred in affirming the trial court’s judgment.
This Court recently stated the standard a trial court must apply in a custody dispute between a parent and a nonparent:
“This Court, in Ex parte Terry, [494 So.2d 628 (Ala.1986)], established the standard a trial court must apply in a custody dispute between a parent and a nonparent:
“ ‘ “The prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of ... misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted *1069 with the care and upbringing of the child in question.” ’
“494 So.2d at 632 (quoting Ex parte Mathews, 428 So.2d [58] at 59 [(Ala.1983)].) A child’s being born to unmarried parents does not affect the Terry presumption in favor of the biological parent.
“ ‘[I]n a custody contest between a nonparent and one who has been adjudicated to be the natural father of a child born out of wedlock, the father is entitled to the presumption that the child’s best interests will best be served by an award of custody to him, subject to the absence of a finding that he is unfit and subject to [certain] exceptions.... ’
“Ex parte D.J., 645 So.2d [303] at 306 [(Ala.1994)]. The Terry presumption in favor of the parent in a custody dispute with a nonparent does not apply if the parent has voluntarily relinquished custody or if the court has entered a prior judgment removing custody from the parent.... Id.”
Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001) (emphasis added). Neither of the exceptions to the Ex parte Terry, 494 So.2d 628 (Ala.1986), presumption is applicable here. Therefore, before the trial court could properly award custody to the maternal grandmother, the trial court had to find N.L.R. “unfit” to be entrusted with the custody of his children. However, the trial court instead found N.L.R. “to be fit to have custody.” This finding clearly precluded, as a matter of law, the award of custody to the maternal grandmother.
The trial court grounded its award of custody upon its conclusion that N.L.R., though fit for custody, was “unsuited” to have custody of his children. Thus, the trial court allowed the strong Tory presumption in favor of the parent to be overcome, despite the fact, as noted in its custody order, that there was “no evidence whatsoever that [N.L.R.] is unfit to have custody.” However, in a custody case between a parent and a nonparent this Court has never recognized that proof falling short of proof sufficient to support a finding of the parent’s unfitness was sufficient to support an award of custody to the nonparent.
F.G. argues that the trial court applied the appropriate legal standard. The essence of her argument is that the terms “unfit” and “unsuited” have different meanings, and that a finding of either will support an award of custody to a nonpar-ent. In support of her argument, F.G. relies upon the use of the term “unsuited” in prior decisions. For example, the Court of Civil Appeals has stated:
“Absent a prior order removing custody from a parent, a nonparent seeking custody may overcome the strong presumptive superior right of that parent to have custody of his or her child only by presenting ‘clear and convincing evidence that the parent is so unfit or unsuited for custody that the best interest of the child will be served by granting custody to the third person.’ [Ex parte] Terry, 494 So.2d [628] at 630 [(Ala.1986)].”
G.H.W. v. A.W.C., 792 So.2d 1098, 1102 (Ala.Civ.App.2000) (emphasis added).
F.G.’s argument has no merit. The appellate courts of this state have never said that a finding that a parent is “unsuited” is a sufficient substitute for a finding that a parent is “unfit.” Instead, “unsuited” has been used merely as a synonym for “unfit.” See Black’s Law Dictionary 1448 (7th ed.1999) (defining “suitable” as “fit and appropriate for [an] intended purpose”) (emphasis added). See also Merriam-Webster’s Collegiate Dictionary 2286 (10th ed.2002) (identifying “fit” and “suitable” as synonyms). The trial court erred in ascribing different meanings to the terms, and in awarding custody to F.G., where, as *1070 the trial court recognized, there was no evidence indicating that N.L.R. is unfit to have custody of his children.
IV.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, and HARWOOD, JJ., concur.
STUART, J., concurs specially.
HOUSTON, J., concurs in the result.

. C.A.D. did not appeal from the custody order.