909 So.2d 840 (2005)
H.E.B., Jr.
v.
J.A.D.
2031087.
Court of Civil Appeals of Alabama.
March 18, 2005.
*841 Mark Allen Treadwell III of Oliver-Treadwell, PC, Dadeville, for appellant.
Angela J. Hill, Alexander City, for appellee.
PITTMAN, Judge.
H.E.B., Jr. ("the father"), appeals from the judgment of the Tallapoosa Juvenile Court awarding custody of A.D.M. ("the child") to J.A.D. ("the maternal grandmother").
The genesis of this case is not fully documented in the record. The parties agree that the juvenile court entered an order on August 18, 2003, that incorporated a change-of-custody agreement between T.M. ("the mother") and the father pertaining to the child's custody. That agreement, which is not included in the record on appeal, purportedly shifted physical custody of the child from the mother, the previously adjudicated custodial parent, to the father.
On August 26, 2003, the maternal grandmother filed a "petition to intervene" and a "petition for temporary custody";[1] in her petition for custody, the maternal grandmother alleged that the child was dependent in that the mother had abandoned the child. The juvenile court conducted a proceeding on November 10, 2003, at which it heard ore tenus evidence on all pending motions. During that hearing, the maternal grandmother and the father stipulated to the following facts: that the child had been born to the father and the mother, who were not married, in May 1994; that the mother had been awarded primary physical custody of the child in a paternity proceeding instituted in 1997; that the father had been awarded visitation and had paid child support pursuant to the judgment awarding the mother custody; that the father had exercised regular visitation pursuant to that judgment; and that the mother and child had been living continuously with the maternal grandmother from the time of the child's birth until the time the parents' change-of-custody agreement was filed. After the stipulated facts were *842 read into the record, the juvenile court conducted an in camera examination of the child; that examination was held outside the presence of the parents and was not transcribed.
On December 17, 2003, the juvenile court entered a judgment awarding legal custody of the child to the maternal grandmother; that judgment reads, in pertinent part:
"[U]pon agreement between all parties, the Court conduct[ed] an in camera examination of the minor child in the presence of the guardian ad litem and, after said examination, ma[d]e its ruling based solely on said interview of the minor child. Based upon the in camera examination and the recommendation of the guardian ad litem, this court found that the welfare of the minor child would be best served in the care and custody of the maternal grandmother."
The juvenile court then ordered the father to continue to pay child support according to the child-support guidelines, see Rule 32, Ala. R. Juv. Admin., and it awarded the father standard visitation. The juvenile court did not make a finding of dependency, pursuant to the dependency provisions contained in the Alabama Juvenile Justice Act, Ala.Code 1975, § 12-15-1 et seq. Moreover, the juvenile court did not make a determination that the father is unfit to have custody of the child, as contemplated by Ex parte Terry, 494 So.2d 628, 633 (Ala.1986). The father filed a timely notice of appeal, and the juvenile court certified the record as adequate for review by this court (see Rule 28(A)(1)(a), Ala. R. Juv. P.).
The father asserts on appeal that he has a presumptive right of custody that is superior to that of a nonparent. Additionally, the father asserts that the juvenile court failed to use the proper standard when determining whether custody of the child should be awarded to him or to the maternal grandmother, in light of the change-of-custody agreement between him and the mother.
Although under the ore tenus rule a trial court's findings of fact will not be disturbed "unless those findings are plainly and palpably wrong and not supported by the evidence," Williams v. Lide, 628 So.2d 531, 534 (Ala.1993), "the ore tenus rule does not extend to cloak a trial judge's conclusions of law, or incorrect application of law to the facts." Eubanks v. Hale, 752 So.2d 1113, 1144 (Ala.1999) (opinion on return to second remand). In other words, no presumption of correctness exists as to a trial court's application of the law to the facts. See Ex parte N.L.R., 863 So.2d 1066, 1068 (Ala.2003).
In Ex parte Terry, supra, our Supreme Court established the standard that must be applied in a custody dispute between a parent and a nonparent when there is no prior judgment removing custody from the parent and awarding it to a nonparent:
"`The prima facie right of a natural parent to the custody of his or her child, as against the rights of custody in a nonparent, is grounded in the common law concept that the primary parental right of custody is in the best interest and welfare of the child as a matter of law. So strong is this presumption, absent a showing of voluntary forfeiture of that right, that it can be overcome only by a finding, supported by competent evidence, that the parent seeking custody is guilty of . . . misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.'"

Terry, 494 So.2d at 632 (quoting Ex parte Mathews, 428 So.2d 58, 59 (Ala.1983)). As *843 a general rule, absent a voluntary forfeiture of custody or a prior judgment removing custody from a parent and awarding it to a nonparent, before any court can award a nonparent custody of a child at the request of that nonparent, the court must make an express determination that the parent or parents opposing the request are "unfit." See J.L. v. L.M., 805 So.2d 729, 733 (Ala.Civ.App.2001); R.O.M. v. B.B., 854 So.2d 98, 103 (Ala.Civ.App.2003) (Crawley, J., concurring in the result). As noted previously, the juvenile court did not make such a finding in this case.
Alternatively, pursuant to the Alabama Juvenile Justice Act, specifically § 12-15-13, Ala.Code 1975, a juvenile court is authorized to find that a child is dependent under certain circumstances set forth in that statute. Once a child is determined to be dependent, the court is authorized to make any of a number of dispositions under § 12-15-71, Ala.Code 1975; one of those dispositions is the transfer of custody, and the governing principle in such a transfer is the child's best interests. See M.M.S. v. D.W., 735 So.2d 1230, 1232 (Ala. Civ.App.1999). Although the juvenile court made a determination that awarding the maternal grandmother custody of the child would be in the child's best interests, it made no finding of dependency.
Without either a finding under Terry that the father is unfit, or a finding that the child is dependent under Ala.Code 1975, § 12-15-1 et seq., the judgment awarding custody of the child to the maternal grandmother is improper and must be reversed.[2]See Ex parte N.L.R., 863 So.2d at 1069-70. The judgment of the juvenile court in this case is, therefore, reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
NOTES
[1] Because the juvenile court docketed the custody petition as a new action, we decline to address whether the petition to intervene was implicitly granted or denied. In the custody petition, the maternal grandmother requested "temporary custody." The juvenile court properly construed her petition as a request for custody of the child. We note that appellate courts in Alabama have repeatedly urged litigants not to use the term "temporary custody" when either pendente lite or permanent custody is sought. See Ex parte J.P., 641 So.2d 276 (Ala.1994); Hodge v. Steinwinder, [Ms. 2031060, Feb. 4, 2005] ___ So.2d ___ (Ala.Civ.App.2005).
[2] We note that neither the maternal grandmother nor the father argues in this appeal that custody has been voluntarily forfeited to a nonparent, see generally Ex parte R.C.L., 627 So.2d 920, 921 (Ala.1993), or that a prior judgment has removed custody from the parent and awarded it to a nonparent.